UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN JAIRO SUAREZ RUEDA,<br><br>          Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, acting U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>          Respondents. | Case No. 1:26-cv-00406-AKB<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

Pending before the Court is Petitioner John Jairo Suarez Rueda's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court grants the Petition and denies the TRO as moot.

## I.     BACKGROUND

Petitioner, a native of Columbia, has lived in the United States since his entry without inspection in 2023 when he was detained at the border, indicated a credible fear of return to Columbia, and was released into the United States on parole, without admission, to pursue an asylum claim (Dkt. 1 ¶ 2). On July 1, 2026, Immigration and Customs Enforcement (ICE) seized Petitioner as he was delivering packages for Amazon for whom he worked for with a valid work

permit (*id.*). He is currently detained at the Elmore County Detention Center in Mountain Home, Idaho (*id.*).

Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶¶ 4–5, 35). Specifically, he argues that § 1225(b)(2) does not apply to individuals like him who previously entered and are now residing in the United States (*id.* ¶ 56).

On July 2, 2026, the Court ordered the Government to respond to Petitioner's petition (Dkt. 3). Briefing is now complete, and the issue is ripe for a decision.

## II.    ANALYSIS

As with many other immigration-related habeas corpus petitions filed in this District, this case concerns the detention provisions at §§ 1226(a) and 1225(b)(2). The Court has repeatedly explained its disagreement with DHS's interpretation of § 1225. *See Guadarrama Ayala v. Henkey*, No. 25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Beltran Orellana v. Henkey*, No. 26-cv-00013-AKB, 2026 WL 194734 (D. Idaho Jan. 26, 2026). To the extent the Government's arguments are identical to those this Court rejected in prior cases, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only those arguments specific to this case.

This Court's previous cases definitively answer the legal question—§ 1226(a) applies because Petitioner was already present in the country and he is not subject to §§ 1225(b)(1), 1226(c), or 1231. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89, 298 (2018). The Court also notes that this case is similar to *Ricse Mendoza v. Henkey*, No. 26-cv-00020-AKB, 2026 WL 446364 (D. Idaho Feb. 17, 2026). There, the Court held that the only circumstance under which a petitioner

ORDER GRANTING PETITION – 2

detained under § 1225(b)(1)(A) could have been released was through parole under § 1182(d)(5)(A). *Id.* at *1. Like the petitioner in *Ricse Mendoza*, Petitioner was paroled into the United States upon a finding of credible fear of persecution to pursue an asylum application (Dkt. 1 ¶ 2). Accordingly, Petitioner is not subject to mandatory detention under § 1225(b)(1)(B)(ii).

The Government concedes that Petitioner's petition presents no complicating feature from those previously filed petitions for habeas corpus relief in which the Court ordered release (Dkt. 5 at 2). Accordingly, the Court grants the Petition and orders Petitioner's immediate release.

## III.    ORDER

**IT IS ORDERED that:**

1.      Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2.      Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: July 10, 2026

Amanda K. Brailsford
U.S. District Court Judge

ORDER GRANTING PETITION – 3